

*Tagged Opinion*

**ORDERED in the Southern District of Florida on October 22, 2019.**

**Laurel M. Isicoff**
**Chief United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| IN RE: | CASE NO. 16-11759-BKC-LMI |
| STUDENT AID CENTER, INC., | Chapter 7 |
| Debtor. | |

_____/

| | |
|---|---|
| MARIA YIP, as Chapter 7 Trustee over the bankruptcy estate of STUDENT AID CENTER, INC., | ADV. CASE NO.  18-1493-BKC-LMI |
| Plaintiff, | |
| vs. | |
| GOOGLE, LLC f/k/a GOOGLE, INC., | |
| Defendant. | |

_____/

## ORDER AND MEMORANDUM OPINION ON DISCOVERY DISPUTES

Does a trustee have to prove the avoidability of a transfer in every action against a subsequent transferee even if the trustee has avoided the transfer

already? 11 U.S.C. §550 authorizes a trustee to recover "transfer[s]… avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title,…the property transferred, or, if the court so orders, the value of such property, from (2) any immediate or mediate transferee of such initial transferee." 11 U.S.C. §550(a)(2). Does a prior judgment satisfy the "avoided transfer" condition precedent? What if the prior judgment is a default judgment? The answer to these questions, in this case of first impression in this district, dictates, in part, the resolution of the disputes described in this opinion.

This matter came before the Court on September 11, 2019, on various discovery disputes[1] between the Plaintiff, Chapter 7 Trustee Maria Yip ("Trustee" or "Plaintiff") and the Defendant, Google, LLC f/k/a Google, Inc. ("Google" or "Defendant"). Central to resolution of these disputes is whether Google is entitled to discovery relating to the avoidability of the initial transfer that gives rise to the Trustee's claims against Google. For the reasons set forth below, the answer is "yes".

## Background Facts

Student Aid Center, Inc. (the "Debtor") filed a voluntary Chapter 7 Petition

---

[1] *Plaintiff's Objections To Defendant's Notices Of Third Party Subpoenas* (ECF #31) (the "Motion to Strike"); *Defendant Google LLC F/K/A Google Inc.'s Opposition To Plaintiff's Objections To Defendant's Notices Of Third Party Subpoenas* (ECF #37); *Defendant Google LLC F/K/A Google Inc.'s Motion To Compel* (ECF #44); *Plaintiff's Memorandum Of Law Concerning Discovery Issues* (ECF #45); *Defendant Google LLC F/K/A Google Inc.'s Reply In Response To Plaintiff's Memorandum Of Law Concerning Discovery Issues* (ECF #48); and *Plaintiff's Response In Opposition To Defendant's Motion To Compel And Incorporated Memorandum Of Law* (ECF #49).

on February 8, 2016.[2] Maria M. Yip (the "Trustee" or the "the Plaintiff") was appointed as the Trustee.

On July 28, 2017, the Trustee filed an adversary proceeding against Alan Alvarez ("Alvarez Sr."), father of the Debtor's principal and president, and two companies allegedly owned or controlled by Alvarez Sr. - Deco Media Group, Inc. ("Deco Media") and SAC Group, LLC. ("SAC Group") (the "Alvarez Adversary Proceeding").[3] In the Alvarez Adversary Proceeding the Trustee sought to avoid and recover from each of the three defendants transfers in the total amount of $6,362,560.62 (the "Transfers") pursuant to 11 U.S.C. §§ 544, 547, 548 and 550, and Fla. Stat. §§ 726.105 and 726.106.

On January 5, 2018, the Court entered two default judgments, one against SAC Group and one against Deco Media, avoiding the Transfers (the "Default Judgments"). The Court granted recovery in the amount of $4,696,684.80 against SAC Group[4] and $1,420,036.09 against Deco Media[5].

On August 30, 2017, Alvarez Sr. filed a response[6] which the Court treated as an answer to the Trustee's complaint. Alvarez Sr. contended that he was compensated on a performance basis and had nothing to do with the Debtor's day to day business.

---

[2] Case no. 16-11759-BKC-LMI

[3] Case no. 17-01303-BKC-LMI

[4] *Final Default Judgment Against Defendant, SAC Group, LLC* (ECF #26).

[5] *Final Default Judgment Against Defendant, Deco Media Group, LLC* (ECF #29).

[6] *Response to Complaint to Avoid Transfers and to Recover Property Transferred* (ECF # 7).

On March 26, 2018, the Trustee filed a *Motion for Partial Summary Judgment* seeking final judgment against Alvarez Sr. (ECF #52). On April 10, 2018, Alvarez Sr. filed a response to the Trustee's *Motion for Partial Summary Judgment* (ECF #58). Alvarez Sr., a *pro se* defendant, represented himself at the hearing and presented lengthy argument.  On May 29, 2018, after considering Alvarez Sr.'s arguments, the motion, and the exhibits attached thereto, the Court granted the Trustee's *Motion for Partial Summary Judgment* (ECF #64).

On June 9, 2018, the Court entered a *Final Judgment* (ECF #66) against Alvarez Sr., avoiding the Transfers and entering judgment in favor of the Trustee in the amount of $6,362,560.62 (the "Alvarez Final Judgment") (together, with the Default Judgments, the "Judgments").

### Adversary Proceeding Against Google

On December 14, 2018, the Trustee filed the instant adversary proceeding against Google, LLC, f/k/a Google, Inc. ("Google") (ECF #1) seeking the recovery of the Transfers in the total amount of $4,692,769.78, pursuant to 11 U.S.C. §550 and Fla. Stat. § 726.109. In the Complaint the Trustee alleges that Google was a subsequent transferee of the Transfers and that the Trustee is therefore entitled to recovery from Google.

Google filed its *Amended Answer and Affirmative Defenses* on June 4, 2019 (ECF #25), asserting, among other defenses, that any transfers received by Google are not recoverable because those transfers were taken in good-faith, for value and without knowledge the alleged transfer may be avoidable.

On August 5, 2019, the Trustee filed a *Motion for Protective Order* (ECF #30), which alleged that the Google unilaterally set depositions and issued overly broad subpoenas, which exceeded the scope of relevant and discoverable information under Fed. R. Civ. P. 26(b). The crux of the dispute centers around whether, and to what extent, Google is entitled to discovery that relates solely to whether the Transfers were appropriately avoided in the Alvarez Adversary Proceeding.   The Trustee argues that the instant proceeding involves only *recovery* of the Transfers and the scope of discovery should not be expanded to include the *avoidance* of Transfers because Google cannot re-litigate the avoidance action. Google argues that it has the right to defend against the avoidance issue because Google was not a party to the prior avoidance action and that allowing the Trustee to rely on the Alvarez Final Judgment will deny Google its due process rights. Google further contends that the default judgments and a judgment against a pro se party cannot be relied on in the instant proceeding in any event.  In sum, Google concludes, the Trustee has the burden of proving in *this* case that the Transfers were avoidable.

## Legal Discussion

Rule 26(b)(1) of the Federal Rules of Civil Procedure states that scope of discovery includes "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . .. Information within this scope of discovery need not be admissible in evidence to be discoverable." For purposes of these discovery disputes the issue is whether the basis for the "avoided transfer" is still relevant.   If the condition precedent – avoidance – has

been satisfied, what relevance does the avoidance have in a recovery action? Avoidance and recovery are separate causes of action. *IBT International Inc. v. Northern (In re International Administrative Services)*, 408 F. 3d 689 (11th Cir. 2005). Every case relied on by the Trustee and by Google acknowledges this.

Google argues that whether the initial transfers were properly avoided is an appropriate defense, especially since two of the judgments upon which the Trustee relies were obtained by default and one judgment was entered against a *pro se* defendant who did not raise any defenses to the Plaintiff's complaint. The Trustee argues that she does not have to prove the avoidability of the transfer in this action because she has already avoided the transfer. They are both right.

The answer lies partially in those cases that have interpreted what the section 550 condition precedent means. There is a split in the courts regarding whether a trustee must first avoid a transfer prior to bringing an action against a subsequent transferee, since section 550 specifically states that the trustee may seek recovery from a subsequent transferee of a transfer that *has been* avoided. In *In re International Administrative Services*, the Eleventh Circuit ruled that a trustee may establish the avoidability of a transfer as part of a suit against a subsequent transferee seeking recovery of the transfer rather than having first to successfully avoid the transfer in a separate suit against the initial transferee. *See also Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC (In re Madoff Securities)*, 501 B.R. 26 (S.D.N.Y. 2013). [7]

---

[7] Those courts that disagree with the Eleventh Circuit's interpretation of the section 550 condition precedent have held the transfer must be avoided in a separate prior action against the initial transferee or the initial transferee must be joined as a necessary party

However, the Eleventh Circuit has never ruled that the trustee MUST establish avoidability of a transfer as part of a recovery suit if the transfer has already been avoided. Nor, does the Court think, would it ever. First, the language of section 550 is clear. The initial transfer must be avoided, or in the Eleventh Circuit, proven avoidable, in order for the trustee to recover against the subsequent transferee. Nowhere in section 550 does it require or suggest that the transfer must always be avoided in the action brought against the subsequent transferee.

Second, the Eleventh Circuit's holding in *International Administrative Services* focuses a great deal on judicial economy and minimizing litigation costs and delay. Judicial economy, litigation time, and costs are not served by requiring the trustee to prove in every single recovery action the avoidability of a transfer that the trustee has already proven.[8] *Accord Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC (In re Madoff Securities),* 501 B.R. 26. Thus, Google's position conflicts with the Eleventh Circuit's holding in *International Administrative Services.*

---

in the avoidance action against the subsequent transferee. *See, e.g., Weinman v. Simons (In re Slack–Horner Foundries Co.),* 971 F.2d 577 (10th Cir.1992); *In re Trans–End Technology, Inc.,* 230 B.R. 101 (Bankr.N.D.Ohio 1998).

[8] There are many times when a trustee will have successfully avoided a transfer, and based on that judgment, file close to a hundred, if not hundreds, of lawsuits against subsequent transferees. *See, e.g., In re TOUSA, Inc.,* No. 08-10928-BKC-JKO (Bankr.S.D.Fla. filed Jan. 29, 2008); *In re First Foliage, L.C.,* No. 10-27532-BKC-LMI (Bankr.S.D.Fla. filed Jun. 23, 2010); *In re 1 Global Capital LLC,* No.18-19121-BKC-RAM (Bankr.S.D.Fla. filed Jul. 27, 2018).

Of course, as many of the cases cited by Google hold, the trustee must, in fact, prove the avoidability of those transfers *if* the transfer has not been previously avoided.  *See, e.g., Sec. Inv'r Prot. SIPA Liquidation Cor. V. Bernard L. Madoff Inv. Sec. LLC,* 480 B.R. 501 (Bankr. S.D.N.Y. 2012)(Trustee was required to prove alleged initial transfers were avoidable in suit against subsequent transferees where initial suit was resolved by a settlement agreement that did not acknowledge the initial transfers were avoidable.)

Google argues that if the Trustee does not have to prove avoidability of the transfers in this adversary proceeding its due process rights are being violated. That argument was addressed in *Tibble v. Farmers Grain Express Inc. (In re Michigan Biodiesel, LLC*), 510 B.R. 792 (Bankr.W.D.Mich. 2014), a case upon which the Trustee relies heavily, as well as in *Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC (In re Madoff Securities),* 501 B.R. 26, a case upon which Google relies.

In *Michigan Biodiesel* the Court rejected a similar due process argument and held that the defendant in a recovery action still has the opportunity to attack the avoidability of the transfer, unless precluded by res judicata or collateral estoppel, but as an element of the *defense*, which means the burden of proof as to avoidability is on the defendant.

> First, the text and structure of the Bankruptcy Code, including §550, undermine the Defendants' due process argument: the Code contains several hallmarks of Congressional intent to allow a trustee to sue a subsequent transferee in a separate proceeding without having to reprove that the transfer was avoidable, but only after a defendant has notice and an opportunity to be heard. This is apparent in the statutory defense available to subsequent

8

transferees under § 550(b)(1), which substantially mitigates any hardship visited upon those who did not have an opportunity to oppose the original claim for avoidance. Specifically, the § 550(b) defense permits a defendant to test whether the court correctly concluded that the Debtor transferred the Funds without authority: in proving that they lacked "knowledge of the voidability" of the transfer, the Defendants may argue that the transfers were not "avoidable" in the first place. If the transfers were not "voidable," the Defendants could not be charged with notice of their "voidability." 11 U.S.C. § 550(b)(1). By availing themselves of this defense, the Defendants could revisit the issue of voidability without requiring the Trustee to re-prove his case and without attacking the finality of the court's earlier judgment. Of course, § 550(b)(1) provides an affirmative defense on which the Defendants, rather than the Trustee, will have to shoulder the burden of proof....

The liberal defense available to subsequent transferees under §550(b)(1) may help to explain Congress' decision to separate avoidance from recovery by, inter alia, establishing distinct limitation periods, despite the seeming risk that a declaratory judgment against an initial transferee might impose on non-party subsequent transferees. Through § 550's BFP defense, Congress gave subsequent transferees an opportunity to re-open the door on avoidance, but shifted the burden of proof by requiring them to establish that they did not have knowledge of the voidability of the transfer even if it was in fact avoided as to the initial transferee.

*Id.* at 801.  *Accord Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC (In re Madoff Securities),* 501 B.R.  at 35 (The court held the defendants' due process rights in a recovery action were not violated "as long as the defendant is able to raise all *defenses* to the avoidability of the transfers".)(emphasis added).   The Court adopts the reasoning of *Michigan Biodiesel.*  Thus, to the extent the Judgments satisfy the section 550 condition precedent – that the Transfers were avoided - then the burden will shift to Google to prove its defenses.

However, Google argues that the Trustee cannot rely on the Alvarez Judgment or the Default Judgments to satisfy section 550's condition precedent because two of the judgments were default judgments and the other was a judgment against a pro se litigant[9]. While Google may have a point with respect to the Default Judgments, the Alvarez Judgment does satisfy the section 550 statutory condition precedent. The Alvarez Judgment was entered after a lengthy summary judgment hearing.  Portions of that transcript were included in the Trustee's final reply memo.  The Court heard extensive argument from the Trustee's counsel and from Alvarez Sr. on possible defenses.  Just because Google thinks Alvarez Sr. acting pro se didn't put up a "good defense" doesn't mean the Alvarez Judgment is not a valid final judgment.  The Court has had many cases where represented parties fared very poorly, either because the facts or law were not in their favor, as the case with Alvarez Sr., or their counsel were not so good.  It doesn't make the judgment any less binding.  Thus, the Court finds that the Alvarez Judgment satisfies the condition precedent that the Transfers described in the Alvarez Adversary Proceeding were avoided; the Trustee does not have to prove the avoidability of those Transfers as part of her case in chief.

While the Trustee has the Alvarez Judgment on which she may rely, there is a dispute, at least at this early stage, whether the Transfers avoided by the

---

[9] Google argued that the plaintiff in a section 550 action must always prove the initial transfer was avoidable in each case, irrespective of whether the judgment arose from a default, a settlement, or after adjudication on the merits. That position is not supported either by the statute or by case law.

Alvarez Judgment are, in fact, the initial transfers relating to the subsequent

transfers to Google. And, if not, Google argues, the Trustee will have to prove the

avoidability of the Transfers that are the subject of the Default Judgments

because the Default Judgments cannot satisfy the condition precedent of section

550[10].  However, whether the avoided transfers in the Alvarez Judgment are the

initial transfers of the Google Transfers, or if not, whether the Default Judgments

may satisfy the condition precedent of section 550(a)(1)[11], are not issues the

Court needs to address at the discovery stage.  Regardless of whether the Trustee

or Google has the burden of proof on avoidability, the issue of whether the initial

transfers were avoidable is "relevant to a claim or defense in the case" and

therefore, the information requested by Google relating to avoidability is

discoverable.

---

[10] The Court agrees with the Trustee and Google that collateral estoppel and res judicata do not resolve this inquiry since avoidability and recovery *are* separate causes of action, and, many times the subsequent or mediate transferee is *not* a party to the suit to avoid the initial transfer. Of course, *if* the defendant in a section 550 action *was* a party to an action in which the subject transfer was avoided, then, obviously, collateral estoppel, or res judicata, as appropriate, would apply. *See Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC (In re Madoff Securities)*, 501 B.R. 26; *J. Michael Morris v. Emprise Bank (In re Jones Storage and Moving, Inc.)*, 2005 WL 2590385 (Bankr.D.Kan. 2005); *The Official Committee of Unsecured, Creditors of M. Fabrikant & Sons, Inc. and Fabrikant–Leer, International, Ltd. v. JP Morgan Chase Bank, N.A., et. al (In re M. Fabrikant & Sons, Inc.)*, 394 B.R. 721 (Bankr.S.D.N.Y. 2008).

[11] Unlike Florida law, federal judgments obtained by default do not usually have any res judicata or collateral estoppel effect. *Bush v. Balfour Beatty Bahamas, Ltd (In re Bush)*, 62 F. 3d 1319 (11th Cir. 1995). *See Stathopoulos v. Alford (In re McMillin)*, 448 B.R. 847, 851 (M.D. Fla. 2011). Query whether, if a default judgment has no res judicata or collateral estoppel effect on a party to the default judgment, can that default judgment satisfy a condition precedent in litigation involving a person who was *not* a party to the suit giving rise to the default judgment.  The Court instructed the parties that if the issue of whether the Default Judgments satisfy the condition precedent is still relevant at the case dispositive stage of this litigation, they will need to address this in their pleadings.

**CONCLUSION**

For the reasons set forth herein and as further stated on the record, Google's Motion to Compel is granted in part and denied in part[12]. The Court is encouraged that the parties resolved as much of the disputes as possible, albeit with some hiccups, prior to the hearing. The parties are directed to continue to work through the disputed discovery areas and resolve them in accordance with this ruling.

# # #

Copies to:
James Gassenheimer, Esq.
Rebecca J. Williams, Esq.

*Attorney Williams shall serve a copy of this Order upon all parties in interest and file a certificate of service with the Clerk of Court.*

---

[12] The parties have submitted, or will submit, agreed orders on, or withdrawals of, the other discovery motions that were set for September 11, 2019.